E-FILED
Thursday, 11 October, 2018 04:56:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANNY DELANO REAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-1261 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) For the reasons set forth below, the Court orders Respondent to respond to Petitioner's motion.

## DISCUSSION

Petitioner Danny Reaves is currently incarcerated in the Federal Correctional Institution at Pekin, Illinois, where he is serving a total sentence of 360 months. Reaves was found guilty by jury of robbing an armored car—and using a firearm to do so—in the early part of May 2009, in the United States District Court for the District of Nebraska. During trial, Reaves argued he was an innocent bystander who had nothing to do with the robbery. On July 26, 2010, Reaves was sentenced to 240 months on the robbery conviction, and to a consecutive sentence of 120 months for the firearm under 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, as the firearm was used to commit a crime of violence.

Reaves subsequently appealed his conviction and his appeal was denied on August 12, 2011. *United States v. Reaves*, 649 F.3d 862 (8th Cir. 2011). Shortly before the denial of his

appeal, Reaves filed his first § 2255 motion alleging ineffective assistance of counsel and prosecutorial misconduct in the district court in which he was tried. The District Court denied his motion and refused to issue a certificate of appealability ("COA"). The Eighth Circuit also refused to issue a COA and dismissed his appeal. Reaves then filed subsequent motions seeking permission to file a successive § 2255 motion with both the district and appellate courts. Those motions were denied as well. Finally, Reaves filed his § 2241 petition with this Court on July 16, 2018.

Within his petition, Reaves argues his firearm conviction was the result of faulty jury instructions and that he is factually and legally innocent of the charge. Reaves challenges the firearm portion of his sentence based on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). Reaves asserts the Court's decision in *Rosemond* meets the requirements established in the wake of *In re Davenport*[1] to sufficiently invoke the savings clause of § 2255(e), and he asks this Court to vacate his firearm offense along with its corresponding ten-year sentence.

Pursuant to 28 U.S.C. §§ 2243 and 2241, the Court's preliminary review indicates Reaves' Petition could have merit and therefore orders Respondent to show cause, if any it may have, within twenty-one (21) days after service of this Order, why said writ should not be granted with respect to Petitioner's claims. After Respondent has filed its response, Petitioner is ordered to file any traverse or reply to Respondent's response within twenty-one (21) days after service of said response on him. The Court admonishes Petitioner that a failure to reply to the response pursuant

---

[1] 147 F.3d 605 (7th Cir. 2018)

to 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to his petition as true except to the extent that the Court finds from the evidence that they are not true.

IT IS FURTHER ORDERED that Petitioner shall serve upon Respondent a copy of every further pleading or other document submitted for the Court's consideration. Petitioner shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Respondent or its counsel. Any paper received by this Court which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

IT IS FURTHER ORDERED that Petitioner immediately notify the Court of any change in his mailing address. Failure to notify the Court of any change in mailing address will result in dismissal of this lawsuit, with prejudice.

ENTERED this 11th day of October, 2018.

/s/ Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge