UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANNY DELANO REAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-1261-MMM |
| | ) | Criminal Case No. 09-CR-187 |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Presently before the Court are Petitioner's, Danny Delano Reaves, Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Motion to Amend Pursuant to FRCP 15(a) (ECF No. 10). For the reasons stated herein, Petitioner's Motion to Amend is GRANTED and his Petition for Writ of Habeas Corpus is DENIED. The Petition is DISMISSED, and this matter is now TERMINATED. The Clerk of Court is directed to close the case.

**BACKGROUND[1]**

On May 1, 2009, an armored car, driven by Matthew Gutierrez, made a routine stop at the Douglas County Treasurer's Office in north Omaha, Nebraska, to pick up approximately $83,000 in cash and checks. Princeton Hervey, the car's passenger, entered the Treasurer's Office while Gutierrez remained in the driver's seat. Hervey exited the Treasurer's Office about five minutes later with two bags containing the deposits. Two masked robbers quickly approached Hervey as he attempted to place the bags inside the car, and one of the robbers shot Hervey with a Taser. The robbers then took the bags and attempted to flee. While the robbers were still between ten and fifteen feet away from Hervey, a gunfight ensued. Hervey was shot in the leg during the

---

[1] The first three paragraphs in this section are taken, nearly verbatim, from the Eighth Circuit's Opinion in *United States v. Reaves*, 649 F.3d 862, 864 (8th Cir. 2011).

exchange, but he believes he shot one or both of the robbers. An eyewitness testified that one of the robbers appeared to be favoring his arm as he fled the scene. After the gunfight, the robbers entered a white van and sped out of the parking lot. Eyewitnesses, including Hervey, Gutierrez, and a nearby shopkeeper, did not see any bystanders near the gunfight. In fact, Hervey testified that only the two robbers were in his line of sight while he was firing his gun. A total of $31,000 in cash was missing from the armored car after the robbery.

At the crime scene, investigators found blood about five feet from the back of the armored car that matched Reaves' DNA. Officers also recovered the robbers' Taser at the crime scene, which was registered to a woman named April Winn. April Winn is the maiden name of April Ruffin, the aunt of Reaves' child. Although Ruffin initially told investigators that someone stole her Taser, she later informed investigators, and testified at trial, that she purchased and registered the Taser at Reaves' request in January 2009. According to Ruffin, Reaves then took the Taser and Ruffin did not have contact with him again until sometime after the robbery.

At approximately 11:45 p.m. the night of the robbery, Reaves was treated in a St. Louis hospital for a gunshot wound to his left wrist and a graze wound to his right forearm. A week later, officers arrested him in Omaha. At that time, Reaves needed medical attention due to a potentially life-threatening infection in his hand and forearm. Officers transported him to a local hospital where he remained for three days until his condition stabilized. On the night of Reaves' arrest, officers executed a search warrant on a house associated with him and located a bag containing his St. Louis medical records and $7,680 in cash. Near the bag, officers also found medicine, wound-care supplies, and $520 in cash.

On May 21, 2009, a federal grand jury returned a four count Indictment against Reaves for

the May 1, 2009, robbery of the armored car, and a January 21, 2009, robbery of a TierOne Bank, both of which took place in Omaha, Nebraska. Counts I and II of the Indictment concerned the bank robbery, and Counts III and IV concerned the armored car robbery. It was alleged at trial that either Reaves or his accomplice, or both, used a firearm during the armored car robbery to injure Princeton Hervey. The jury trial for Reaves was bifurcated for the two separate robberies. He was tried for the armored car robbery on November 17, 2009, and trial for the TierOne Bank robbery was scheduled for February 4, 2010.

At the end of his November trial, Reaves was convicted of Interference with Commerce by Threats and Violence under 18 U.S.C. §§ 1951 and 2 (Count III), and the Use, Carry & Brandish & Discharge of a Firearm During an Armored Car Robbery under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count IV).[2] Reaves was convicted of the firearm charge based on an accomplice theory of liability as an aider or abettor under 18 U.S.C. § 2. Before his second trial could begin, Reaves entered an agreement by which he pleaded guilty to the TierOne Bank robbery (Count I), in exchange for the dismissal of the Use, Carry & Brandish & Discharge a Firearm charge (Count II) related to that robbery. On July 26, 2010, Reaves was sentenced to 240 months imprisonment on Counts I and III, and 120 months imprisonment on Count IV. Counts I and III were to be served concurrently, and Count IV was to be served consecutive to Counts I and III.

## PROCEDURAL HISTORY

Two months before his July 2010 sentencing hearing, Reaves filed a Motion for New Trial under Rule 33 of the Federal Rules of Civil Procedure.[3] Within his motion, Reaves asked the

---

[2] Judgment, United States v. Reaves, No. 09-cr-00187 (D. Neb. July 26, 2010), ECF No. 129.
[3] Motion for New Trial, United States v. Reaves, No. 09-cr-00187 (D. Neb. May 14, 2010), ECF No. 105.

district court to vacate the jury's November verdict and order a new trial because of newly discovered evidence that he alleged the government withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[4] The court denied the motion, finding, "[e]ven if the withheld evidence were sufficient to completely undermine [the witness's] credibility, the other evidence linking Reaves to the robbery is compelling, if not overwhelming. *United States v. Reaves*, No. 09-CR-187, 2010 WL 3155147, at *6 (D. Neb. Aug. 9, 2010).

On July 30, 2010, Reaves filed his first Motion to Vacate under 28 U.S.C. § 2255.[5] Within his motion, Reaves outlined four grounds for relief: (1) ineffective assistance of counsel, for failing to properly investigate his case; (2) an invalid search warrant; (3) warrantless monitoring of his cell phone; and (4) a violation of his right to a speedy trial. *Id.* The district court summarily denied his motion, ruling, "the defendant raises essentially the same issue . . . as he raised in his motion for new trial," and "[f]or the reasons stated in [the order addressing that request], the defendant's motion to vacate is . . . denied." *United States v. Reaves*, No. 09-CR-187, 2010 WL 3714791, at *1 (D. Neb. Sept. 16, 2010).

On September 7, 2010, Reaves appealed the district court's denial of his Motion for New Trial.[6] The Eighth Circuit affirmed the court's decision, finding: (i) even if Ruffin's testimony had been undermined, the other evidence linking Reaves to the robbery was overwhelming; (ii) the district court did not err in denying Reaves' Motion for a New Trial because the newly discovered evidence was not material to his conviction; (iii) there was sufficient evidence that Reaves attempted to influence a witness, and therefore, a jury instruction concerning witness

---

[4] Brief in Support of Motion for New Trial, *supra* note 1, at ECF No. 106.
[5] Motion to Vacate, United States v. Reaves, No. 09-cr-00187 (D. Neb. July 30, 2010), ECF No. 131.
[6] Notice of Appeal, United States v. Reaves, No. 09-cr-00187 (D. Neb. Sept. 7, 2010), ECF No. 137.

tampering was appropriate; and (iv) the evidence supporting Reaves' convictions was overwhelming and a reasonable jury could have found him guilty beyond a reasonable doubt. *United States v. Reaves*, 649 F.3d 862, 66-68 (8th Cir. 2011).

On October 31, 2011, Reaves filed an Amended Motion to Vacate, which amended his second § 2255 motion, and which outlined eight additional grounds for relief all under the umbrella of ineffective assistance of counsel.[7] On August 1, 2012, the district court denied his second postconviction motion, concluding:

> Mr. Reaves made a decision to exercise his Constitutional right to trial in the armored car robbery case. He had a fair trial. He provided the jury his version of the offense and testified to his innocence. The court and the jury did not believe his incredible [tale] of alleged misfortune. Mr. Reaves then exercised the good judgment to plead guilty to the Tier One Bank robbery. The eyewitness identification due to his unique facial features and DNA testing made his defense untenable. During the plea colloquy he admitted his guilt. The court finds no reason to grant the defendant post-conviction relief on any of the grounds he outlines.

*United States v. Reaves*, No. 09-CR-187, 2012 WL 3137438, at *9 (D. Neb. Aug. 1, 2012). The court also subsequently declined to issue Reaves a Certificate of Appealability ("COA"),[8] as did the Eighth Circuit Court of Appeals.[9] *See also United States v. Reaves*, No. 09-CR-187, 2014 WL 2624913, at *2 (D. Neb. June 12, 2014) (declining to issue a certificate of appealability a second time).

On July 16, 2018, after multiple attempts to file successive § 2255 motions, and after numerous motions for reconsideration, Reaves filed the § 2241 Petition at hand.[10] Within his Petition, Reaves now contends he is entitled to relief because "[a]fter *Rosemond* [*v. United States*,

---

[7] Amended Motion to Vacate, United States v. Reaves, No. 09-cr-00187 (D. Neb. Oct. 31, 2011), ECF No. 168.
[8] Order, United States v. Reaves, No. 09-cr-00187 (D. Neb. Jan. 4, 2013), ECF No. 200.
[9] Copy of Order, United States v. Reaves, No. 09-cr-00187 (D. Neb. May 23, 2013), ECF No. 203.
[10] Hereinafter referred to as "Pet.".

572 U.S. 65 (2014)], the . . . evidence was legally insufficient to sustain a . . . verdict of violating 18 U.S.C. § 924(c) through the aiding and abetting statute[;] [a]nd the Petitioner is factually innocent." (ECF No. 1.) On November 28, 2018, the Government filed its Response,[11] and on January 11, 2019, Reaves filed his Reply. This Order follows.

## LEGAL STANDARD

As an initial matter, the Court notes that because Reaves was convicted in Nebraska, the substantive law of the Eighth Circuit governs his § 2241 petition. *See Braxton v. Werlich*, No. 18-cv-0948, 2018 WL 2299230, at *2 (S.D. Ill. May 21, 2018) (connecting the site of the conviction with the substantive case law of the corresponding circuit court). "[A]lthough petitions for habeas relief are filed in the federal judicial district where a prisoner is incarcerated . . . a petitioner who challenges his federal conviction via a petition for habeas corpus may not take advantage of a favorable difference in the interpretation of federal law between the circuit where he was sentenced and the circuit where he is now incarcerated." *Linder v. Kreuger*, No. 15-cv-01055, 2017 WL 1102740, at *2 (C.D. Ill. Mar. 23, 2017) (citing *In re Davenport*, 147 F.3d 605, 612 (7th Cir. 1998) (internal citation omitted).

Federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). However, 28 U.S.C. § 2255(e) contains a "savings clause" that allows a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (2008); *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255 is inadequate or ineffective only if: (1) the petitioner relies on a

---
[11] Hereinafter referred to as "Resp.".

Supreme Court case of statutory interpretation; (2) the new rule was previously unavailable and applies retroactively; and (3) the error asserted is grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016)). The mere fact that a petitioner's claim would be an impermissible second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *In re Davenport*, 147 F.3d at 609-10.

## DISCUSSION

Reaves begins his argument by asserting *Rosemond* is a case of statutory interpretation and is retroactive. (Pet. at 5.) He contends the *Rosemond* decision was unavailable to him when he went to trial in 2009, and when he filed his most-recent § 2255 motion in 2011. *Id.* Reaves argues, at the culmination of his criminal trial, the aiding and abetting jury instruction concerning the Use, Carry & Brandish & Discharge of a Firearm charge, was erroneous.[12] It was erroneous, he alleges, because "it failed to convey that the element of knowledge, had to be at a time when the Petitioner could have 'opt[ed] to walkaway (sic)[.]" *Id.* at 10. Reaves concludes his Petition by asserting he is factually and legally innocent of the crimes for which he was convicted, and he requests that his Use, Carry & Brandish & Discharge of a Firearm During an Armored Car Robbery offense be vacated along with its corresponding 10-year sentence. *Id.* at 10.

The Government responds to Reaves' Petition by arguing he cannot proceed under the savings clause of § 2255(e) because a claim under *Rosemond* was not previously foreclosed to him. (Resp. at 7.) It also contends the fact Reaves was convicted in the Eighth Circuit does not change its position, as decisions from district courts within the Eighth Circuit after *Rosemond* have

---

[12] Instruction No. 19, United States v. Reaves, No. 09-cr-00187 (D. Neb. Nov. 25, 2009), ECF No. 82.

affirmed this conclusion. *Id.* at 8. Finally, the Government argues that the Eighth Circuit has already rejected Reaves' challenge of the sufficiency of evidence supporting his aiding and abetting charge and found that the evidence supporting his conviction(s) was "overwhelming." *Id.* at 10. It concedes that Reaves' Petition satisfies the first requirement of the *Davenport* analysis, and it challenges his Petition on the second and third conditions. *Id.* at 6.

Despite his assertions to the contrary, Reaves is not entitled to habeas relief under § 2241, as his petition fails to meet the second condition of the *Davenport* requirements. "*Davenport's* second condition has two components: retroactivity and prior unavailability of the challenge." *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). The Government concedes that *Rosemond* is retroactive. (Resp. at 6.) "The other component of *Davenport's* second condition is that the new, retroactive rule 'could not have been invoked in [the petitioner's] first § 2255 motion.'" *Montana*, 829 F.3d at 784 (quoting *Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)). "[T]he second prong is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" *Id.* (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)).

In 2014, the Supreme Court decided *Rosemond v. United States*, which clarified the government's burden to convict a defendant under § 924(c) as an aider and abettor. *Farmer v. United States*, 867 F.3d 837, 839 (7th Cir. 2017). "*Rosemond* held that accomplice liability requires proof that the defendant had 'advance knowledge' that his coconspirators intended to use a gun during the crime." *Id.* (quoting *Rosemond*, 572 U.S. at 78)). To demonstrate advanced knowledge, "the government must prove that the defendant learned about the planned gun use with enough time to 'attempt to alter th[e] plan or, if unsuccessful, withdraw from the enterprise.'" *Id.*

8

Intent to aid an armed offense would arise only after the defendant decided to continue his participation in a venture that he learned would involve a gun. *Id.*

The state of the law in the Eighth Circuit was not squarely against Reaves at the time of his trial, appeal, and initial § 2255 motion. In *United States v. Rolon-Ramos*, 502 F.3d 750 (8th Cir. 2007), the Eighth Circuit reiterated, "[t]o establish aiding and abetting liability under 18 U.S.C. § 2, the government must prove that the defendant had a 'purposeful attitude,' defined as affirmative participation which at least encourages the perpetrator." *Rolon-Ramos*, 502 F.3d at 758 (quoting *United States v. Ivey*, 915 F.2d 380, 384 (8th Cir. 1990)). Thus, a jury instruction for aiding and abetting the use of a firearm would have had to include an element or language referencing the defendant's "purposeful attitude" or "affirmative participation" of the use of the firearm in order to be valid. It is clear from the record that Reaves' attorney objected to the aiding and abetting jury instruction at trial,[13] but it was not for the reasons he outlines here, and Reaves failed to introduce the objection in the appeal of his conviction, or in either of his § 2255 motions.

Other district courts have concluded, that in the Eighth Circuit, the *Rosemond* decision does not equate to a "new rule" under the savings clause of § 2255. *See Vanover v. Werlich*, 2018 WL 575064, at *3 (S.D. Ill. Jan. 26, 2018) (ruling the law in the Eighth Circuit did not foreclose the argument made in *Rosemond* at the time of Petitioner's direct appeal (2010) and initial § 2255 motion (2011)); *Faul v. Wilson*, No. 15-CV-1541, 2016 WL 54195, at *1 (D. Minn. Jan. 5, 2016) (finding "*Rosemond* [does] not represent a new rule of law."); *Woods v. Wilson*, No. 15-623, 2015 WL 2454066, at *5 (D. Minn. May 22, 2015) ("Here, [Petitioner's] claim cannot proceed because

---

[13] Tr. of Trial Proceedings, United States v. Reaves, No. 09-cr-00187 (D. Neb. Nov. 17, 2009), ECF No. 146 at 7-10.

the holding in *Rosemond* does not represent a new rule of law."). For these reasons, Reaves' § 2241 Petition fails to satisfy the second *Davenport* condition, and his Petition is DENIED.

## II. PETITIONER'S MOTION TO AMEND

On January 11, 2019, Reaves filed a Motion to Amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (ECF No. 10.) Within his Motion, Reaves asks the Court if he can amend his "pleadings" to "submit to the Court . . . that [the prosecution] did not represent as proof of the offense charged, money that was taken from the [inaccessible] armored truck." *Id.* at 1. "Being unable to explain how that money came up missing," he continues, "is probative as to whether a jury would find that [he] had advance knowledge that a firearm would be carried." *Id.* Reaves adds that "it's arguable that [he] was denied appointment of [c]ounsel to represent him on the firearm offense under the mistaken belief that the two crimes are conflateable (sic), thus [c]ounsel did not prepare a defense for the firearm Count." *Id.*

Reaves Motion to Amend his Petition is GRANTED. However, the additional arguments outlined in his Motion do not affect the Court's determination to dismiss his Petition.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion to Amend Pursuant to FRCP 15(a) (ECF No. 10) is GRANTED, and his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. The Petition is DISMISSED, and this matter is now TERMINATED. The Clerk of Court is directed to close the case.

Entered on April 30, 2019.  /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge