UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANNY DELANO REAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-1261-MMM |
| | ) | Criminal Case No. 09-CR-187 |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court are Petitioner's Motion to Reconsider (ECF No. 14) and Motion to Amend (ECF No. 15). For the reasons stated herein, Petitioner's Motions are DENIED.

## PROCEDURAL HISTORY

On July 16, 2018, Petitioner filed his habeas corpus petition under 28 U.S.C. § 2241, outlining one ground for relief. (ECF No. 1.) On August 23, 2018, his petition was reassigned to this Court. (Text Order 08/23/2018.) On November 28, 2018, the Government filed its response (ECF No. 5), along with a sealed copy of Petitioner's presentence investigation report (ECF No. 7). On January 11, 2019, Petitioner filed his traverse (ECF No. 11), as well as a motion to amend his petition (ECF No. 10). On April 30, 2019, the Court entered its memorandum opinion and order, granting Petitioner's motion to amend and denying his petition. (ECF No. 12.) On May 1, 2019, the Court entered judgment dismissing Petitioner's claims. (ECF No. 13.) On May 30, 2019, Petitioner filed a Motion to Reconsider (ECF No. 14), and twenty-one days later, he filed a Motion to Amend (ECF No. 15). This Order follows.

**LEGAL STANDARD**

A timely motion under 59(e) is effectively a motion for reconsideration. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc*., 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co*., 561 F. Supp. 656, 665 (N.D. Ill. 1982)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). It is not appropriate to argue matters that could have been raised in prior motions or to rehash previously rejected arguments in a motion to reconsider. *Caisse Nationale*, 90 F.3d at 1270.

**DISCUSSION**

In his Motion for Reconsideration, Petitioner argues the Court erred by: (1) citing *Woods v. Wilson*, No. 15-623, 2015 WL 2454066, at *5 (D. Minn. May 22, 2015), to support its assertion that the Eighth Circuit has failed to recognize *Rosemond v. United States*, 572 U.S. 65 (2014), as establishing a "new rule" of law for purposes of invoking the savings clause of § 2255(e); and (2) improperly concluding that a "jury instruction for aiding and abetting the use of a firearm would have had to include an element or language referencing the defendant's 'purposeful attitude' or 'affirmative participation' of the use of the firearm in order to be valid," without giving Petitioner adequate notice and opportunity to address its conclusion. (ECF No. 14 at 1.) Petitioner does not introduce any new evidence in his Motion, so the Court limits its review to correcting any manifest errors of law or fact. Because the Court finds none, it DENIES Petitioner's Motion.

In its April 30, 2019, Order, the Court observed that the Eighth Circuit Court of Appeals has failed to recognize the Supreme Court's decision in *Rosemond* as establishing a "new rule" under the savings clause of § 2255. (ECF No. 12 at 9.) In support of its observation, the Court cited several district court decisions that came to the same conclusion. *Id.* Petitioner argues that the Court's reliance on *Woods v. Wilson* as supporting caselaw for its proposition was in error, as *Woods* is a case in which the substantive law of the Seventh Circuit should have applied, as opposed to the substantive law of the Eighth. Petitioner's argument, however, fails to alter the Court's determination that the Eighth Circuit has declined to recognize *Rosemond* as establishing a new rule, and therefore, fails to demonstrate this Court made a manifest error of law.

As the Court noted in its Order, three cases supported its conclusion that *Rosemond* failed to establish a new rule. The case on which Petitioner argues the Court relied in error—*Woods*—reiterated that a petitioner (convicted in the Eastern District of Wisconsin) could not proceed under the savings clause of § 2255 because the holding in *Rosemond* did not represent a new rule of law. *Woods*, 2015 WL 2454066, at *5. The implication in *Woods* was that the *Rosemond* Court itself recognized that its holding failed to establish a new rule. *Id.* As such, it is of no consequence, and certainly fails to rise to the level of a manifest error of law, that *Woods* interpreted a Supreme Court case to come to its conclusion. Finally, Petitioner fails to provide any supporting caselaw, Eighth Circuit or otherwise, that suggests *Rosemond* established a new rule which entitles him to relief. Accordingly, Petitioner's first ground for reconsideration is DENIED.

Petitioner next argues it was improper for the Court to rule on his § 2241 petition, using other grounds, without first giving the Parties notice and a reasonable time to respond. In support of his argument, Reaves cites Rule 56(f)(2) of the Federal Rules of Civil Procedure, which states,

3

"[a]fter giving notice and a reasonable time to respond, the court may: (2) grant the motion on grounds not raised by a party[.]" FED. R. CIV. P. 56(f)(2). In its Response, the Government argued that Petitioner was procedurally barred from bringing his petition based on *Rosemond*. (ECF No. 5 at 6-10.) The Court's analysis came to the same conclusion. (ECF No. 12 at 7-10.)

Federal Rule of Civil Procedure 56 guides motions for summary judgment. *Waldridge v. American Hoechst Corporation*, 24 F.3d 918 (7th Cir. 1994). 28 U.S.C. § 2241 guides petitions for habeas corpus. The two avenues for relief rely on separate standards which are not interchangeable. It is of no consequence if the Court denies, on a second ground, a petition for habeas corpus based on arguments not raised by the Parties. Petitioner has failed to provide any relevant caselaw that states otherwise. As such, Petitioner's second argument fails to demonstrate a manifest error of law, and his Motion for Reconsideration is DENIED in its entirety.

## II. PETITIONER'S MOTION TO AMEND

On June 20, 2019, Petitioner filed a Motion to Amend under Federal Rule of Civil Procedure 15(c), asserting he wished to include an additional argument (that the Court improperly failed to consider jury instructions in its denial of his § 2241 petition) in his Motion to Reconsider and that the additional argument related back to that Motion. (ECF No. 15.)

> By statute, Congress provided that a habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions." The Civil Rule on amended pleadings, Rule 15 of the Federal Rules of Civil Procedure, instructs: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

*Mayle v. Felix*, 545 U.S. 644, 649 (2005) (internal citations omitted).

Federal Rule of Civil Procedure 15(c) concerns amended and supplemental pleadings. A motion to reconsider is not a pleading. Fed. R. Civ. P. 7(a); *Duda v. Bd. of Educ. of Franklin*

4

*Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 n.2 (7th Cir. 1998). Additionally, it is inappropriate for a Court to consider previously rejected arguments in a motion to reconsider. *Caisse Nationale*, 90 F.3d at 1270. Finding that the argument Petitioner wishes to include in his Motion to Reconsider is a rehashed argument the Court has already rejected, and that Petitioner has improperly invoked Federal Rule of Civil Procedure 15(c) to amend his motion to reconsider, the Court DENIES his Motion to Amend.

## CONCLUSION

For the reasons stated herein, Petitioner's [14] Motion to Reconsider and [15] Motion to Amend are DENIED. This case remains closed.


Entered on June 27, 2019.                    /s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge